IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PRICE, FP-2118, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | 2:09-cv-783 |
| | ) | |
| KENNETH R. CAMERON, et al., | ) | |
|     Respondents. | ) | |

MEMORANDUM and ORDER

William Price has filed a petition for a writ of habeas corpus and a "Motion for Decision" (Docket No.61), seeking a determination on his application for waiver of the exhaustion requirement based on what he deems inordinate delay in the Court of Common Pleas of Fayette County's disposition of his post-conviction petition. Fayette County in its usual cavalier style has failed to respond adequately to this motion,[1] but mindful of the September 22, 2010 Memorandum Order filed in this case by our late colleague, Judge Hay (Docket No.63) reciting the state court procedural history of this case in which it is noted that the post-conviction petition was filed on February 21, 2006 and

> In August 2006, Petitioner's court appointed attorney filed a motion for continuance, and did so again in October 2006.
>
> In June 2007, Petitioner filed a motion for new counsel to be assigned. In July 2007, Petitioner filed a motion for speedy disposition of the PCRA petition. On October 25, 2007, Petitioner filed another PCRA petition at the same docket number. On January 3, 2008, Petitioner "entered his appearance" as pro se counsel. On January 11, 2008, Petitioner filed a pro se request for discovery. On January 14, 2008, Petitioner filed an amended PCRA petition.
>
> On March 24, 2008, Petitioner filed a pro se motion for change of counsel. On May 5, 2008, Petitioner filed another PCRA petition at the same docket number. On August 21, 2008, Petitioner filed a pro se motion to fire counsel and procede pro se. On December 9, 2008, Petitioner's court appointed counsel filed a motion to withdraw as counsel. From the docket it does not appear that counsel's motion to withdraw was ever ruled on, at

---

[1] We note that in this case as well as previous cases involving Fayette County, the District Attorney has filed less than adequate responses to habeas corpus petitions and any other motions filed therein.

least not in an order that was filed on the docket. Despite this, Petitioner is listed on the docket in the section of the docket for "Case Participants" as being "pro se."

Shortly after counsel filed a motion to withdraw, Petitioner filed, on December 19, 2008, a pro se request for trial preparation materials, and on December 30, 2008, a pro se request for expenses for an expert witness, and for discovery and a request for transcripts of his trial. He also filed another pro se PCRA petition on December 30, 2008, as well as a pro se motion for evidentiary hearing, and a pro se motion for "determination of finality."

On May 11, 2009, Petitioner filed yet another PCRA petition. On July 1, 2009, Petitioner sent a letter to the Clerk of Courts of Fayette County. On March 19, 2010, Petitioner sent another letter to the Clerk of Courts of Fayette County. Nothing further has happened on the docket since March 19, 2010.

It appears that the petitioner has been inundating the state courts as well as this Court, and as result the post-conviction court has not had an opportunity to act on his post-conviction petition in a timely fashion. However, there is nothing to suggest that the delay of the state court proceedings is attributable to anyone other than the petitioner, and for this reason waiver of the exhaustion requirement is inappropriate. In addition, in order to provide the petitioner with an appropriate opportunity to exhaust those remedies, the instant case will be administratively closed so that if the petitioner ultimately desires to proceed with this action, he need only move this Court to open the case and he will still maintain the benefit, it any, of his filing date here.

An appropriate Order will be entered.

ORDER

AND NOW, this 3rd day of November, 2010, for the reasons set forth in the foregoing Memorandum, William Price's "Motion for Decision [waiving the exhaustion requirement]" (Docket No.61) is DENIED;

IT IS FURTHER ORDERED that the above-captioned federal habeas corpus proceeding be administratively closed while the petitioner exhausts the available state court remedies and

IT IS FURTHER ORDER that if the petitioner desires to reinstate this action he move to do so within thirty (30) days of his exhaustion of the available
state court remedies.

s/ Robert C. Mitchell
United States Magistrate Judge