IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PRICE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:09-783 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| KENNETH R. CAMERON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

Pending before the Court[1] is a motion for relief from judgment (ECF No. 79) filed by state prisoner William Price ("Petitioner"), which he purports to bring under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will dismiss this motion for lack of jurisdiction and deny a certificate of appealability.

**I.  Relevant Background**

Petitioner is an inmate currently incarcerated at the State Correctional Institution (SCI) Houtzdale, Pennsylvania.[2] He is serving a sentence of 11½ to 30 years of incarceration on convictions on charges of rape, aggravated indecent assault, indecent assault, incest and corruption of minors, imposed by the Court of Common Pleas of Fayette County, Pennsylvania on November 10, 2003 at Criminal Action No. 761 of 2002.

Petitioner initiated this federal habeas case in 2009 by filing a petition for a writ of habeas

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF Nos. 23, 67.)

[2] When Petitioner filed this case in 2009, he was incarcerated at SCI Cresson and the warden was Kenneth Cameron. This facility closed in 2013. He has subsequently been incarcerated at SCI Albion, SCI Retreat and SCI Houtzdale. The Superintendent of SCI Houtzdale is Scott Klinefelter. It is not necessary to amend the caption of the case to reflect this information.

corpus under 28 U.S.C. § 2254. (ECF No. 3.) He raised many claims for relief, including several claims attacking the Commonwealth's use of DNA evidence to demonstrate that he was the father of an aborted fetus that resulted from his sexual abuse of his daughter. The magistrate judge to whom this case was assigned denied most of Petitioner's claims (some were dismissed on procedural grounds), including the claims related to this issue. (ECF No. 77.) Judgment was entered in Respondents' favor on July 25, 2017 (ECF No. 78).

Petitioner did not appeal the judgment to the United States Court of Appeals for the Third Circuit. Rather, he filed the pending motion on January 3, 2023 (ECF No. 79), in which he contends that he has "new evidence" in the form of a published report by the National Institute of Standards and Technology (NIST) called "DNA Mixture Interpretation: A Scientific Foundation Review." Petitioner contends that this NIST study found a lack of uniform analytical methods involving DNA analysis as well as no clear or accepted way to compare results from multiple labs, thereby calling into question the reliability of the results of the DNA testing.

Petitioner argues that his "right to present a complete defense was substantially compromised because he was not given access to Cellmark's STR mix source code, which violated his rights to Confrontation and Compulsory Process Clause of the Sixth Amendment of the Constitution." (ECF No. 79 at 4.) He requests that the Court reopen his habeas corpus proceedings to "allow access of Cellmark's STR source code software, and supporting software development and related documents—including testing, design, bug reporting, change logs, and program requirements, under an appropriate protective order." (*Id.* at 5.)

II. Discussion

Because this is a federal habeas action, the Court must evaluate whether Petitioner's Rule 60(b) motion is actually an unauthorized second or successive habeas petition. That is

2

because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).[3] Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147 (2007). Petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2022) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the use of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, is not available to a state prisoner seeking habeas relief. It explained that a Rule 60(b) motion must be construed as a "second or successive

---

[3] Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(C).

habeas corpus application" when it advances one or more "claims." 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," it observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief…will of course qualify." *Id.*

The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.* In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling that the district court made that precluded a merits determination of the habeas petition, *id.* at 532 n.4, or "challenges a defect in the integrity of the federal habeas proceedings," such as an argument that the opposing party committed fraud upon the court, *id.* at 532.

Here, Petitioner is not asserting any ground that would qualify his motion as a true Rule 60(b) motion. He is clearly advancing a habeas claim. That is, he is attempting to relitigate claims and is challenging the Court's 2017 merits disposition of those claims.

Therefore, Petitioner's "Rule 60(b)" motion must be construed as an unauthorized second or successive habeas. He has not indicated that he received authorization from the Court of Appeals to file another federal habeas petition in order to attack his judgment of sentence and a search of that court's electronic filing system by Petitioner's name does not show that any such permission has been sought or granted. Because he has not done so, this Court lacks jurisdiction to consider his claim.

Accordingly, the Court will deny his motion for relief from judgment (ECF No. 79).

**III.    Conclusion**

Based on the foregoing, the Court will dismiss Petitioner's motion for relief from judgment (ECF No. 79). Because jurists of reason would not find debatable the Court's disposition of his motion for relief from judgment, the Court will deny a certificate of appealability.[4]

An appropriate Order follows.

Date:  February 24, 2023

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

Cc:    WILLIAM PRICE
       FP-2118
       SCI Houtzdale
       209 Institution Dr.
       Houtzdale, PA 16698-1000

---

[4] AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. *See* 28 U.S.C. § 2253. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.*" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).